# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY SIMMS,

        Petitioner,  :  Case No. 2:22-cv-474

  - vs -                    District Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Michael R. Merz

WARDEN, Grafton Correctional
  Institution,

                                                              :

        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by Petitioner Timothy Simms pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits on the Petition (ECF No. 4), the State Court Record (ECF No. 15), the Respondent's Return of Writ (ECF No. 16), and Petitioner's Reply (ECF No. 17). The case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District.

**Litigation History**

On July 15, 2009, a Franklin County Grand Jury indicted Simms on six counts of rape (Counts 1-6), six counts of sexual battery (Counts 7-12), three counts of gross sexual imposition (Counts 13-15), one count of tampering with evidence (Count 16), and one count of disseminating matter harmful to juveniles (Count 17)(Indictment, State Court Record, ECF No. 15, Ex. 1). After a jury trial, Simms

was found guilty of all the counts of rape, sexual battery, and gross sexual imposition. (Exhibit 4, Verdict Forms). He was sentenced to an aggregate sentence of life without parole.

On direct appeal Simms' conviction was affirmed, but the case was remanded for re-sentencing. *State v. Simms*, 2012-Ohio-2321 (Ohio App. 10th Dist. May 12, 2012). The Ohio Supreme Court declined jurisdiction over a further appeal. *State v. Simms*, 132 Ohio St. 3d 1534 (2012).

On September 23, 2011, while the appeal was still pending, Simms filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. The trial court denied the Petition on November 10, 2011 (Decision and Entry, State Court Record, ECF No. 15, Ex. 18).

After resentencing, Simms appealed to the Tenth District which again remanded for resentencing. No further appeal resulted from this re-sentencing, but Simms filed a motion for new trial on November 20, 2018, the gravamen of which was that the victim recanted her trial testimony. *Id.* at Ex. 27. In a published decision, the Franklin County Common Pleas Court denied the motion. *State v. Simms,* 2020 Ohio Misc. 4826 (Mar. 12, 2020). The Tenth District Court of Appeals affirmed. *State v. T.S.*, 2021-Ohio-2203 (Ohio App. 10th Dist. Jun. 29, 2021), and the exercise of further appellate jurisdiction was declined. 164 Ohio St. 3d 1449 (2021).

Simms filed his Petition for habeas corpus on June 16, 2022, by depositing it in the prison mailing system that date. He pleads the following grounds for relief:

> **Ground One**: Custodial interrogation, Miranda rights violation interrogation was coersive (sic) false confession given.
>
> **Supporting Facts**: Sue Simms my wife was ordered out of the house and told to stay there until the police was done talking to me. The police ordered her out. My brother and sister were detained in the middle of the street off the property. There were police cars at either end of my street, and cars in my driveway blocking my vehicle and my wife's vehicle. Two officers in my house with guns, at the end of the interrogation, one officer said to the other "check and

2

make sure that she is still in the back yard." My miranda Rights were never read to me.

While interrogating Simms, the officers did ask three times weather [sic] or not Simms had rapped [sic] his daughter. I said no twice. The third time that they asked me. I told them they had to be more specific. The officers got angry and told me that they were not going to tell me what Elizabeth had said, but they did anyway. They used such terminology as, Just tell us the truth and we will know if this is just a misunderstanding or not. Just tell us the truth and we can help you. Just tell us the truth or you can call your daughter a liar. Just tell us the truth and we will go easy on you. This along with my mental state of mind at the time netted a false confession.

During the trial Officer Mcguire was asked about his training as a special victims unit officer. He was asked if he was a false confession expert and he said that he was. He was then asked if he could tell weather [sic] or not my confession was false. He stated at that time he could not tell.

Tim Pearce appeallate [sic] attorney from Franklin County public defenders wrote in a motion for a new trial that he found my interrogation to be custodial and very persuasive.

**Ground Two**: Ineffective assistance of trial counsel

**Supporting Facts:** Did not motion to suppress interrogation tape, Did not motion for alibi, did not place the defendant on the witness stand, did not show any evidence during the trial to allow the defendant to testify on his own behalf. Did not put any defense witnesses on the stand, except for the defendants [sic] wife who only testified for about fifteen minutes. She stated her name and relationship to the defendant, were [sic] she was working, her hours, she was then asked how often did we get to see Elizabeth, half way through her statement prosecution objected and defense attorney rested his ca[se.]

**Ground Three**: Prosecutor misconduct

**Supporting Facts:** The victim in this case was 10 years old at the time of the trial. Chris brown did take her into his office without an attorney or a guardian with her and instructed her as to what to say during the trial. Sheryl Prichard contacted Shelley John and instructed her to withhold evidence from an investigator. (sic) She also contacted McVay elementary where Elizabeth attended school and instructed them to withhold Elizabeth's attendance, school

3

records from an investigator. She did this twice to the school, the second time she said that the school was to ignore the subpoena.

**Ground Four**: Judicial misconduct; prejudice and biases.

**Supporting Facts**: Judge threw a temper tantrum on a public elevator at the start of the trial and also in the middle of the trial. Telling people what he was going to do to me. inoppreate [sic] jury instruction, can't seem to pass sentence as it was written. Chastised the defendants (sic) family not just once but several times, whe[n] the victim chose to recant her story he threatened her with perjury charges for what she said as a ten year old little girl, after prosecutor told her what to say. Tampered with transcripts, Testimony has been altered. Falsifyed [sic] legal documents, Falsely accused the defendants mother and wife of wrong doing, Personal threats were made to the defendant himself.

(Petition, ECF No. 4).

# Analysis

**Statute of Limitations**

In the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), Congress enacted a one-year statute of limitations for habeas corpus cases. That statute is codified at 28 U.S.C. § 2244(d) and 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> 
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
>   (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the Return of Writ, Respondent argues that Petitioner's Grounds One, Two, Three, and any portion of Ground Four relating to events at trial are barred by this statute of limitations (Return, ECF No. 16, PageID 1461). Respondent calculates that the conviction became final on direct review on May 30, 2014, which was the last day on which Simms could have appealed from the second re-sentencing. When he did not appeal by that date, the statute began to run and expired one year later on May 30, 2015. Simms did not file his new trial motion until November 20, 2018, more than three years after the statute had run.

In his Reply, Simms does not respond at all to the statute of limitations defense and it is well taken. Any claims arising out of the trial must be dismissed with prejudice as barred by the statute of limitations. That plainly bars Grounds One, Two, and Three, and those portions of Ground Four which are clearly pleaded as having happened at the time of trial, to wit, (1) the judge's "tantrum" before and during trial; (2) inappropriate jury instructions.

Petitioner provides no time references for the other claims in Ground Four. Challenged by the standard form of habeas petition to state why his Petition is timely, he writes:

5

> I have filed a number of appeals, a motion for new trial, a recantment [sic] from the witness, Tim Pierce's investigation and waiting time for him to get done with what he had to do and court decisions all took time.

(Petition, ECF No. 4, PageID 36). This also provides no timeline for occurrence of the remaining Ground Four claims.

Federal courts have an obligation to construe *pro se* pleading liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Magistrate Judge will therefore construe Petitioner's remaining Ground Four claims as arising from the new trial proceedings which concluded March 12, 2020. Any judicial misconduct rising to the level of a constitutional violation would have occurred by that date. Therefore, as to the statute of limitations, Simms is entitled to March 12, 2020, as the start date under 28 U.S.C. § 2444(d)(1)(4). Under § 2244(d)(2) the time is tolled until appeals from denial of new trial were concluded. That date is June 8, 2021, when the Supreme Court of Ohio declined to review the new trial decision. The statute would thus have expired June 8, 2022. Because Simms did not file until June 16, 2022, all of his remaining claims in Ground Four are also barred by the statute of limitations.

**Conclusion**

Based on the foregoing analysis, all claims made in the Petition are barred by the statute of limitations and should be dismissed with prejudice. Because the limitations defense is dispositive of all claims, it is unnecessary to provide analysis of Respondent's other defenses, including particularly procedural default based on *res judicata,* or of the merits of Simms' claims. It is therefore respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner

be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 20, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
