# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY SIMMS,

        Petitioner,      :      Case No. 2:22-cv-474

  - vs -                        District Judge Edmund A. Sargus, Jr.
                                  Magistrate Judge Michael R. Merz

WARDEN, Grafton Correctional
  Institution,

                                    :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

       This habeas corpus case, brought *pro se* by Petitioner Timothy Simms pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 22) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 21) recommending dismissal. District Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 23).

       The Report recommends dismissing the entire Petition as barred by the statute of limitations. For purposes of applying that statute, the Report distinguishes between claims arising from the trial and those arising from new trial proceedings. Specifically, Grounds One, Two, Three, and the claims of judicial misconduct that the judge threw a tantrum at the time of trial and gave erroneous jury instructions were found to have become final on May 30, 2014, the last day on which Simms could have appealed from his second re-sentencing (Report, ECF No. 21, PageID 1508). The Report concluded the statute of limitations on those claims expired one year later on

May 30, 2015. *Id.* Any judicial misconduct which occurred in connection with the new trial proceedings would have happened by the conclusion of those proceedings on March 20, 2020. The appeal from that denial became final June 8, 2021, and the statute therefore ran June 8, 2022, a week before Simms filed his Petition. *Id.*

Respondent pleaded the statute of limitations as a bar in the Return of Writ and Simms made no response in his Traverse. Under those circumstances, the arguments he now makes that the Petition was timely can be treated as waived. The failure to file specific objections is a waiver of right to raise issues on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). For the sake of completeness, this Supplemental Report will analyze the merits of the Objections.

Simms raises three objections to the Report which will be considered in turn.

First Simms objects the Magistrate Judge miscalculated the date on which the new trial proceeding became final (Objections, ECF No. 22, PageID 1511). The Report concluded that any asserted judicial misconduct occurring during the new trial proceedings would have occurred before March 20, 2020, the date those proceedings concluded in the trial court (Report, ECF No. 21, PageID 1509). The Report noted that Ohio Supreme Court review of those proceedings was declined June 8, 2021, and that the statute would have begun to run that date and expired a year later on June 8, 2022. *Id.* Simms asserts, in contrast, that the new trial direct appeal was not decided until June 28, 2021, and the Ohio Supreme Court did not decline appellate jurisdiction under September 28, 2021 (Objections, ECF No. 22, PageID 1511).

Simms' first objection is well taken. The Report actually found the Common Pleas Court

denied the new trial motion March 12, 2020 (Report, ECF No. 21, PageID 1505, citing *State v. Simms*, 2020 Ohio Misc. 4826 (Franklin Cty. CP, Mar. 12, 2020)).  The Court of Appeals affirmed *State v. T.S.*, 2021-Ohio-2203 (Ohio App. 10th Dist. Jun. 29, 2021).  Finally, the Supreme Court of Ohio declined appellate review, *State v. T.S.*, 164 Ohio St. 3d 1449 (2021).  The Ohio Supreme Court acted September 28, 2021, so the Petition herein, insofar as it raises issues related to the new trial motion, is in fact timely.  That portion of the Report recommending dismissal on statute of limitations grounds of constitutional claims relating to the new trial motion is WITHDRAWN.  The Magistrate Judge apologizes to the Court and to the Petitioner for his error in this regard.

Simms' second objection is to dismissal of Grounds One, Two, and Three and that portion of Ground Four relating solely to trial matters on a limitations basis (Objections, ECF No. 22, PageID 1512-14).  He asserts that the evidence presented in the new trial proceedings constitutes newly discovered evidence of the prior constitutional violations and, in any event, show that he is actually innocent, which would excuse any failure to timely file.  *Id.*

Simms does not try to separate the evidence which he says is newly discovered from evidence he clearly had at the time of trial, but such a distinction is necessary to evaluate his claims.  His First Ground for Relief is that he was coercively interrogated without compliance with *Miranda v. Arizona*, 384 U.S. 436 (1966), but all that facts on which he relies or could rely for that claim were known to him at the time they happened.  His Second Ground for Relief all relies on things which occurred at trial which he knew of at the time.  His Third Ground for Relief is for prosecutorial misconduct, but he does not indicate when he learned of any of this conduct.  His Fourth Ground for judicial misconduct suffers from the same deficiency:  if this evidence is newly discovered, when did he discover it?  Extension of the statute of limitations on the basis of newly-discovered evidence depends on when and how the evidence was discovered.

In his Objections, Simms claims for the first time the benefit of the actual innocence exception to the statute of limitations. The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup* [*v. Delo*] actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317.

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Simms has not previously argued that his new evidence shows he is actually innocent in terms of the *Schlup* gateway. His "Answer to Respondent's Answer" argues he should have been found not guilty by discussing the weight to the evidence and inferences to be drawn from it and not by pointing to anything new (ECF No. 17). In his Motion for Leave to File a Delayed Motion for New Trial, the new evidence on which Simms relies is the purported recantation of her trial testimony by E.J.[1], the victim (State Court Record, ECF No. 15, Ex. 27). The trial judge did not find the recantation credible. *Id.* at Ex. 32. Given the circumstances in which the recantation occurred and the length of time between the purported recantation and its presentation to the courts, this Court is not persuaded the recantation meets the *Schlup* requirements for proving actual innocence.

In sum, the initial Report is withdrawn as to its recommendation for dismissing the claims relating to the motion for new trial. Those claims will be treated in a separate report. Petitioner's objections to dismissal of the trial related claims (Grounds One, Two Three and two sub-claims in Ground Four) should be overruled and those claims dismissed on limitations grounds.

---

[1] The Magistrate Judge uses initials here although the victim's name is spelled out in the Motion. The purpose is to protect the privacy of victims of sexual abuse.

July 11, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
