# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY SIMMS,

        Petitioner,    :    Case No. 2:22-cv-474

 - vs -                                District Judge Edmund A. Sargus, Jr.
                                            Magistrate Judge Michael R. Merz

WARDEN, Grafton Correctional
  Institution,

                                       :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's Report and Recommendations (ECF No. 24) recommending dismissal. District Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 26).

The undersigned had previously recommended dismissing the entire case as barred by the statute of limitations. As to the claims arising from adjudication of Petitioner's new trial motion, that recommendation has been withdrawn (ECF No. 24, PageID 1519). This Report will analyze those claims on the merits.

As to the remaining claims arising at the time of trial, Petitioner has objected to their dismissal on statute of limitations grounds and his objections will be treated here as well.

1

**Claims Arising at Trial**

Ground One, Two, Three, and that portion of Ground Four that relates to actions that occurred at trial were found to be barred by the statute of limitations because the Petition was filed more than a year after conclusion of review on direct appeal. Petitioner objected that he had newly-discovered evidence of unconstitutional conduct and he was also exempt from the limitations statute because he was actually innocent. The Supplemental R&R rejected those arguments because Petitioner did not disclose when he had learned of the new evidence and his evidence of actual innocence did not meet the standard of *Schlup v. Delo*, 513 U.S. 298, 319 (1995)(ECF No. 24).

**First Objection**

Petitioner's first objection is to the Magistrate Judge's conclusion that he waived any objection to Respondent's statute of limitations defense by omitting it from his Reply. The substance of the objection is that the Magistrate Judge cited cases in which litigants were found to have waived objections to a Magistrate Judge's report and recommendation by not objecting. The referenced citations are *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), and they do indeed refer to failure to object to a report and recommendations which is not what happened here. Rather, Respondent pleaded an affirmative defense – expiration of the statute of limitations – in the Return and Petitioner made no response to that defense in his Reply. As Petitioner correctly points out, he was under no duty

2

to file a reply at all, so his failure to respond to the limitations assertion does not forfeit his right to have that question decided on the merits.

**Second Objection**

Petitioner's Second Objection is "The Magistrate erred as a matter of law in holding that, because 'the trial judge did not find the recantation credible', it cannot constitute sufficient evidence to support an actual innocence gateway claim." (Objections, ECF No. 25, PageID 1525, citing "R&R 5, PageID 1521").

This objection misstates the holding of the R&R. In discussing Petitioner's actual innocence claim, the Magistrate Judge merely noted as a matter of fact that the trial judge had found the recantation was not credible. That was not a clearly erroneous factual finding: the trial judge did indeed find the recantation not to be credible:

> Here, the Court finds the victim's 2014 deposition in which she purports to recant her trial testimony is not credible and would not materially affect the outcome of the trial. At the time of the deposition, the victim was still a minor and was unrepresented by legal counsel. Additionally, present at the deposition was *Defendant's* mother who at the time was the victim's source of shelter, money, and transportation. Beyond these inherent issues with the deposition, the Court cannot overlook Defendant's own statements to the police as well as the victim's disclosures to CAC and depictions of sex toys at the tender age of nine. All of which point to Defendant's guilt. Accordingly, the Court finds the 2014 deposition of the victim is insufficient to warrant a new trial.

(Decision and Entry, State Court Record, ECF No. 15, Ex. 32, PageID 711-12; emphasis in original).

The Magistrate Judge did not find the trial judge's conclusion on credibility to be

dispositive *per se*, but a factor which this Court could consider in making its own actual innocence finding: "Given the circumstances in which the recantation occurred and the length of time between the purported recantation and its presentation to the courts, this Court is not persuaded the recantation meets the *Schlup* requirements for proving actual innocence." (R&R, ECF No. 24, PageID 1521).

There was no error of law in considering the trial judge's finding of lack of credibility as a factor. Courts considering questions of credibility later in a case's chronology often give weight to prior findings of lack of credibility by fact finders who have actually observed a particular witness and Petitioner cites no authority to the contrary.

Petitioner objects to the bases cited by the Magistrate Judge for rejecting the purported actual innocence showing, to wit, the circumstances in which the recantation occurred and the length of time between recantation and presentation to the courts, by claiming that was all caused by the improper conduct of the prosecutor and the trial judge.

> [T]he record establishes that any delay in attempting to present the recantation to the trial court is wholly attributable to improper conduct on the part of the prosecutor in intentionally interfering with said presentation and to the collusion in such interference by the trial court by issuing threats of prosecution against the recanting witness prior to even hearing the recantation or the circumstances attendant thereto, which collusion and interference are the subject of issues before this Court that the Magistrate seeks to insulate from federal review.

(Objections, ECF No. 25, PageID 1526-27). Petitioner gives no references at all to where the record supposedly establishes this misconduct, despite Judge Silvain's Order that record references must be given with PageID numbers (See ECF No. 9). Petitioner specifies some of the conduct of which he complains in his Reply, but gives no record references there either (See ECF No. 17, PageID 1494-85).

4

The facts of the purported recantation are recited by the Ohio Tenth District Court of Appeals in its decision affirming the denial of a new trial:

> {¶5} On July 18, 2014, E.J., her mother, and paternal grandmother met with T.S. [Petitioner]'s attorney, Tim Pierce, at his office, where E.J. answered questions under oath. Her answers recanted all of the trial testimony that had incriminated her father. She remembered saying "[s]ome" but "[n]ot all" of the things that she had testified to but denied that her father had ever touched her "in a sexual manner at any time." (July 18, 2014 E.J. Dep. at 10.) She denied that her father had ever touched her, exposed himself to her, forced her to perform oral sex on her [sic], shown her a pornographic movie, ejaculated on her, or shown her or engaged in any act involving an enema or a paddle. Id. at 11-14. E.J. said that she only saw the contents of the black briefcase once, "but all [she] saw was papers." Id. at 13. She had no memory of drawing a picture of the briefcase or its contents at Children's Hospital. *Id*. at 17.
>
> {¶6} E.J. said that the prosecutor had "explained to [her], like, what to say really." *Id*. at 18. She explained that she made the allegations because she "didn't want to go over to [her] dad's anymore" because her mom had been "really sick," she "didn't want to leave her," and "it was really boring over there when he lost his job." *Id*. at 19. She claimed that some of the allegations were based on accusations that a friend had made about her own father and that "the other parts came from" the television shows "Family Guy, and Adult Swim, and American Dad, and Special Victims Unit." *Id*. at 19-20. E.J. stated: "I didn't know he was going to go to jail at all. Like, I had no clue. I just thought I was going to be taken away from him and I was just going to stay with mom." *Id*. at 23. She denied that she was lying in order to get her father out of prison. Id. at 24. E.J. stated multiple times that no one had forced, coerced, or threatened her in order to recant her trial testimony. *Id*. at 7-8, 25, 31.

(Decision, *State v. T.S.,* State Court Record, ECF No. 15, Ex. 37, PageID 819, *et seq*.)

After the trial judge heard of the recantation, he granted Petitioner's motion for leave to file a delayed motion for new trial and appointed an attorney to represent E.J. When the actual delayed motion for new trial came on for hearing, E.J. retracted her recantation and declined to testify on advice of counsel concerning her Fifth Amendment privilege. *Id.* at ¶ 8.

The chronology of events relating to the recantation is important. Simms was indicted July

5

15, 2009, for sexual misconduct with his daughter, E.J., assertedly occurring between November 2008 and June 2009. Trial occurred in October 2010. The deposition at which E.J. formalized her recantation occurred July 18, 2014, nearly four years later. Petitioner did not move for a new trial until November 20, 2018, more than four years later, during which time Petitioner was imprisoned.

Thus the circumstances of the recantation – in a deposition conducted by her father's lawyer with the Defendant's mother present and later retracted – and the delay in presenting it to the trial court – more than four years – make the recantation less than persuasive to the Magistrate Judge as proof of actual innocence.

In the first place, "Recanting affidavits and witnesses are viewed with extreme suspicion." *United States v. Willis,* 257 F.3d 636, 645 (6th Cir. 2001); *United States v. Chambers*, 944 F.2d 1252, 1264 (6th Cir. 1991); *see also United States v. Lewis*, 338 F.2d 137, 139 (6th Cir. 1964). Even if accepted, recantation of trial testimony is generally not sufficient to grant habeas relief absent constitutional error. *Welsh v. Lafler*, 444 Fed. Appx. 844, 850 (6th Cir. 2011).

Secondly, a recantation is unlike the types of evidence usually presented to show accrual innocence, "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," *Schlup*, 513 U.S. at 324.

Third, the Supreme Court has expressly endorsed considering delay in presenting the new evidence as a factor in determining its reliability:

> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

In sum, Petitioner's new evidence of actual innocence – a retracted recantation of the victim's trial testimony – is insufficient to overcome the bar of the statute of limitations as to

claims raising at trial.

**Claims Arising from the New Trial Proceedings**

The Magistrate Judge originally recommended that the entire Petition be dismissed as barred by the statute of limitations. However, that recommendation has been withdrawn as to claims in Ground Four arising from the new trial proceedings. Ground Four in its entirety reads:

> **Ground Four:** Judicial misconduct; prejudice and biases.
>
> **Supporting Facts:** Judge threw a temper tantrum on a public elevator at the start of the trial and also in the middle of the trial. Telling people what he was going to do to me. inoppreate [sic] jury instruction, can't seem to pass sentence as it was written. Chastised the defendants (sic) family not just once but several times, whe[n] the victim chose to recant her story he threatened her with perjury charges for what she said as a ten year old little girl, after prosecutor told her what to say. Tampered with transcripts, Testimony has been altered. Falsifyed [sic] legal documents, Falsely accused the defendants mother and wife of wrong doing, Personal threats were made to the defendant himself.

(Petition, ECF No. 4).

Respondent asserts merits review of Ground Four is barred by Petitioner's failure to fairly present these claims of judicial bias and misconduct to the Ohio courts (Return, ECF No. 16, PageID 1488-89).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

7

        demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[1].

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).

    In his Reply, Petitioner makes no response to this procedural default argument. He lays out the acts he considers to be judicial misconduct, but makes no reference to any place where they were presented to the Ohio courts (Reply, ECF No. 17, PageID 1494-95). If this asserted misconduct occurred on the record, it should have been raised on appeal from denial of the motion for new trial, but there is no "judicial misconduct" assignment of error in Petitioner's Brief on Appeal (State Court Record, ECF No. 15, Ex. 34). Judicial misconduct which amounted to unconstitutional bias but depended on facts outside the record could possibly have been presented in a petition for post-conviction relief under Ohio Revised Code § 2953.21, but no such petition was filed with respect to the new trial proceedings.

    In adjudicating claims in habeas corpus, federal district courts are limited to the record crated in the state courts. *Cullen v. Pinholster,* 563 U.S. 170 (2011).

    Because Petitioner did not fairly present his judicial misconduct claim to the Ohio courts, he has procedurally defaulted it and it should be dismissed with prejudice.

---

[1] The "fundamental miscarriage of justice" exception is limited to cases where a petitioner meets the actual innocence standard of *Schlup*.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 1, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge