# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY SIMMS,

    Petitioner,    : Case No. 2:22-cv-474

 - vs -        District Judge Edmund A. Sargus, Jr.
            Magistrate Judge Michael R. Merz

WARDEN, Grafton Correctional
 Institution,

              :
    Respondent.

## DECISION AND ORDER

  This habeas corpus case is before the Court on Petitioner's Motion to Remit Case to Original Magistrate Judge (ECF No. 28).

  This case was transferred from The Honorable Peter B. Silvain, Jr., to the undersigned to "help balance the Magistrate Judge workload in the District." (ECF No. 20, PageID 1503). Petitioner refers to this as the "ostensible" reason, but does not suggest any other reason. As of February 1, 2022, all habeas corpus cases in the District, regardless of where they are filed, are randomly (i.e. by computer) assigned to one of the seven active Magistrate Judges. Each of those judges has a full docket of usual Magistrate Judge duties: preliminary matters in felony cases, mediation, Social Security disability cases, full case management of prisoner civil rights cases, case management through judgment of federal misdemeanors, etc. The undersigned retired as an active Magistrate Judge in March 2011, but continues to serve the Court on a volunteer basis, primarily in habeas corpus cases. This specialization permits a deep familiarity with habeas corpus

1

law and its prompt application to transferred cases.  Since every habeas corpus case by its very nature asserts entitlement to immediate release from custody, prompt decision of these cases is an important priority for the Court.

Petitioner asserts transfer of this case back to Judge Silvain is required "for the specific reason of avoiding the appearance of bias in the resolution and disposition of this case." (ECF No. 28, PageID 1539).  Litigants have no right to choose among the judges of a court, but are constitutionally entitled to a judge who is not biased.  *Tumey v. Ohio*, 273 U.S. 510 (1927).  The Court will therefore treat the instant Motion as one for disqualification of the undersigned for bias.

A request for disqualification or recusal under 28 U.S.C. § 455(a) must be directed in the first instance to the judge who is sought to be disqualified.  *Goward v. United States*, 2014 U.S. App. LEXIS 11694, *6 (6th Cir. 2014), *citing United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2nd  Cir. 1988) *reh'g denied*, 869 F.2d 116 (2nd Cir. 1989); *United States v. Brunsman*, 2013 U.S. Dist. LEXIS 92971, *1 (S.D. Ohio 2013); *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).   Accordingly, the instant Motion will be ruled on in the first instance by the undersigned.  Petitioner of course has a right to appeal to District Judge Sargus using the procedure specified in Fed.R.Civ.P. 72(a).

The procedure for disqualifying a federal judge is well established. Under 28 U.S.C. § 144 the party seeking disqualification must make an affidavit of personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith.  When a party is proceeding *pro se*, no counsel's certificate is required.  While the affidavit is directed in the first instance to the judicial officer sought to be disqualified, if it is timely and legally sufficient, recusal

2

is mandatory; the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency. 13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D, §§ 3541, et seq., particularly § 3550. To be legally sufficient under § 144, assertions in an affidavit must be definite as to time, place, persons, and circumstances. *Berger v. United States*, 255 U.S. 22 (1921). Such detail is necessary to prevent abuse of § 144. *Grimes v. United States*, 396 F.2d 331 (9th Cir. 1968). One distinguished court has held that the appropriate level of detail is the same as required in a bill of particulars. *United States v. Mitchell*, 377 F. Supp. 1312 (D.D.C. 1974)(Sirica, J.), *aff'd. sub. nom. United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976).

Since Petitioner has filed no affidavit of bias, analysis must occur under 28 U.S.C. § 455 to which a different procedure is applicable: no motion or affidavit is required, since the statute places a burden on a judge to disqualify himself or herself *sua sponte.* There is no timeliness requirement. *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980). The Court, moreover, need not accept as true the factual statements in the affidavit if one is filed. *Phillips v. Joint Legislative Committee on Performance and Expenditure Review of Mississippi*, 637 F.2d 1014, 1019, n.6 (5th Cir. 1981).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v.*

3

*Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial.  *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989).  That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp*., 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted).  The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice.  Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion.  See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard).  The *Liteky* Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after

> having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

510 U.S. at 555. Since the decision in *Liteky, supra,* "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial Disqualification 2d § 25.99, citing *In re Antar*, 71 F.3d 97 (3rd Cir. 1995), overruled on other grounds *Smith v. Berg*, 247 F.3d 532, 534 (3rd Cir. 2001).

Petitioner points to no facts which would give rise to an appearance of bias in this case. I have never met Mr. Simms nor heard anything about him aside from what I have read in the documents filed in this case. The writings I have filed in the case contain no *ad hominem* attacks on Petitioner or comments on his personal character. To the extent the recommendations for dismissal depend on credibility findings, they are the findings of the Ohio courts to which I have recommended this Court defer for the same reason that reviewing courts often defer to credibility findings of judges who had in-person contact with the witness whose credibility is at issue.

Petitioner asserts the undersigned gives "appearance of a predisposition, with all due respect, of expecting to deny relief and then attempting to create arguments that justify such denial, rather than conducting a full, fair and independent review of the issues presented in this case." To the extent Petitioner believes the undersigned has "created" arguments rather than dealt even handedly with the law, he is, of course, free to substantiate that claim in any objections he files to the pending Report and Recommendations.

The Motion to Remit, construed as a motion to disqualify, is DENIED.

August 11, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
