IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

TIMOTHY SIMMS,

        Petitioner,      :   Case No. 2:22-cv-474

- vs -       District Judge Edmund A. Sargus, Jr.
      Magistrate Judge Michael R. Merz

WARDEN, Grafton Correctional
  Institution,

                                         :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

    This habeas corpus case was brought *pro se* by Petitioner Timothy Simms to obtain relief from his conviction for multiple rapes of his minor daughter. He pleads four Grounds for Relief which relate to error committed in connection with his trial, except that several sub-claims in Ground Four relate to his motion for new trial. The Magistrate Judge has recommended that all claims related to the trial be dismissed as barred by the statute of limitations and that claims arising from the new trial proceedings be dismissed as procedurally defaulted.

    Most recently Petitioner has timely objected (ECF No. 36) to the August 1, 2023, Report and Recommendations (ECF No. 27). District Judge Sargus has recommitted the case for reconsideration in light of those Objections (ECF No. 38).

    To overcome the statute of limitations defense, Petitioner relies on his claim of actual innocence which in turn relies on the victim's purported recantation of her trial testimony. The Magistrate Judge concluded the recantation, which happened many years after the trial and was

1

not presented to the state court until many years after that, was not the type of evidence of actual innocence called for by *Schlup v. Delo*, 513 U.S. 298, 319 (1995), to wit, "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." The Magistrate Judge also relies on the victim's failure to affirm her recantation under oath and subject to cross-examination at the time of the new trial hearing.

Petitioner's First Objection is that the Magistrate Judge did not find the recantation credible (Objections, ECF No. 36, PageID 1562-64).[1]

Franklin County Common Pleas Judge Holbrook tried the case and also heard the evidence on the new trial motion. He found the recantation not credible, writing:

> Here, the Court finds the victim's 2014 deposition in which she purports to recant her trial testimony is not credible and would not materially affect the outcome of the trial. At the time of the deposition, the victim was still a minor and was unrepresented by legal counsel. Additionally, present at the deposition was Defendant's mother who at the time was the victim's source of shelter, money, and transportation. Beyond these inherent issues with the deposition, the Court cannot overlook Defendant's own statements to the police as well as the victim's disclosures to CAC and depictions of sex toys at the tender age of nine. All of which point to Defendant's guilt. Accordingly, the Court finds the 2014 deposition of the victim is insufficient to warrant a new trial.

(Decision and Entry of March 12, 2020, State Court Record, ECF No. 15, Ex. 32, PageID 711-12).

Petitioner objects to the Magistrate Judge's reliance on that finding because he claims the whole new trial proceeding was unconstitutional, marked by both judicial and prosecutorial misconduct. But he never assigned either prosecutorial misconduct or judicial bias as error on appeal from denial of the new trial motion, thereby failing to give the Ohio courts an opportunity to consider that claim. From reading the record, the Magistrate Judge finds no prosecutorial or

---

[1] Petitioner offers no precedent for finding a recantation is the type of evidence of actual innocence that will satisfy *Schlup*.

2

judicial misconduct which would somehow render the trial judge's credibility finding suspect. Instead Petitioner puts those labels on appropriate behavior of the judge to warn the victim of the possible legal consequences of recanting her prior sworn testimony.

The test for evaluating new evidence of actual innocence is whether that evidence, combined with what the jury heard, makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup* at 327. The victim had made her recantation at a "deposition" of which the State was not notified, making it uncross-examined hearsay. When given an opportunity to repeat her recantation at the new trial hearing four years later, she declined to take the stand on advice of counsel. While she did not actually take the stand to invoke her Fifth Amendment privilege, her appointed attorney made clear the basis of her refusal.

The Sixth Circuit has held "[r]ecanting affidavits and witnesses are viewed with extreme suspicion." *United States v. Willis,* 257 F.3d 636, 645 (6th Cir. 2001); *United States v. Chambers*, 944 F.2d 1252, 1264 (6th Cir. 1991); *see also United States v. Lewis*, 338 F.2d 137, 139 (6th Cir. 1964). Standing alone, recantation of trial testimony is generally not sufficient to grant habeas relief absent constitutional error. *Welsh v. Lafler*, 444 Fed. Appx. 844, 850 (6th Cir. 2011). As a general matter, reviewing courts are usually deferential to credibility findings of fact finders – judges or juries – who have actually seen the witnesses in person. Simms has given no persuasive reason why this Court should not follow that usual practice, especially when it took four years to obtain the recantation and then another four years to present it to the state courts.

In addition to his unavailing actual innocence claim, Simms asserts that the new evidence presented at the time of the new trial motion supports his claims related to trial. If true, this is

irrelevant. Discovery of new evidence does not reopen the statute of limitations.[2]

The Magistrate Judge also concluded Ground Four as it relates to the new trial proceedings is procedurally defaulted because Ground Four was never fairly presented to the state courts as a federal constitutional claim. Simms claims he did fairly present these claims, quoting his brief on appeal from denial of the new trial:

> In the instant case Simms issued a subpoena for E.J. yet the trial court prevented counsel from calling E.J. to the witness stand. Furthermore, the trial court did not conduct a colloquy, did not inform E.J. of counsel's questions, and did not inquire whether E.J. would assert her Fifth Amendment right as to all questions asked. Moreover because E.J. did not take the witness stand, she did not directly assert her Fifth Amendment right.

(Objections, ECF No. 36, PageID 1568, quoting Appellant's Brief at PageID 746). Simms adds that while the claims may be "inartfully pleaded[3]," they are "sufficiently articulated to put the state court on notice of the constitutional dimension of the issue and to provide an opportunity to correct it. *Id.*

A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017). In arguing the assignment of error in question, Simms' counsel says nothing about judicial prejudice as opposed to claiming error in the manner in which the subpoena was quashed. Nothing about the prosecutor is said at all, much less that he

---

[2] Even if the statute did not begin to run until Petitioner obtained the deposition in 2014, it would have run a year later. 28 U.S.C. § 2244(d)(2)(D).
[3] Note that for this pleading, Simms cannot claim the *pro se* privilege of liberal construction because he was represented by counsel on this appeal.

4

engaged in misconduct of a constitutional magnitude.

Instead, counsel argued Simms had been deprived of due process, a fair hearing, and his right to compulsory process (Brief at PageID 722). By themselves the words "due process" and "fair trial" do not fairly present any issue. Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984).

The record makes clear Simms was not deprived of his right to compulsory process. The subpoena for E.J. was issued and not quashed prior to the hearing – she was present. The fact that she heeded her counsel's advice and did not take the stand did not deprive Simms of compulsory process. That right does not trump a witness's privilege against self-incrimination under the Fifth Amendment. The trial judge could have forced her to take the stand and invoke the privilege, but to what end? The fact that a trial judge in a very busy jurisdiction – Franklin County – proceeded summarily to recognize the privilege deprived Simms of nothing to which he was constitutionally entitled. And even if it was error, it was not the kind of error that proves judicial prejudice, a claim Simms did not make in the Tenth District Court of Appeals.

**Conclusion**

Having reconsidered the case in light of the instant Objections, the Magistrate Judge again recommends that it be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability

and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 18, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
