## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

TIMOTHY SIMMS,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 2:22-cv-474 |
| - vs - | | | District Judge Edmund A. Sargus, Jr. |
| | | | Magistrate Judge Michael R. Merz |

WARDEN, Grafton Correctional
  Institution,

                                                    :

       Respondent.

## DECISION AND ORDER DENYING MOTION TO EXPAND THE RECORD

       This habeas corpus case was brought *pro se* by Petitioner Timothy Simms to obtain relief from his conviction for multiple rapes of his minor daughter.  It is currently pending before District Judge Sargus on Petitioner's Objections to the Magistrate Judge's Report and Recommendations (ECF No. 21) and Supplemental Report and Recommendations (ECF No. 39), both of which recommend dismissing the Petition with prejudice.

       Petitioner now seeks to expand the record with two items: (1) a June 19, 2012, memorandum from Emily Huddleston to Paul Skendelas recounting plea negotiations in a case against Christopher Brock and (2) an undated memorandum purportedly signed by Michelle Kazar relating to the same plea negotiations in the Christopher Brock case.  Both attorneys attest to Judge Holbrook's statement of a policy or intention to impose a life sentence on Brock "for personal and political reasons" if he were convicted at trial, in contrast to the seventeen-years sentence which

1

would have been part of the plea agreement.

A motion to expand the record is a non-dispositive pre-trial motion amenable to initial decision by a Magistrate Judge to whom the case has been referred, subject to review by the District Judge upon timely objection.

The Magistrate Judge assumes the authenticity of these two documents and that they accurately report what happened during the Brock plea negotiations. Judge Holbrook was also the trial judge in Petitioner's case. Attorney Skendelas was co-counsel for Simms at the time he filed his Brief on Appeal on May 24, 2011 (State Court Record, ECF No. 15, Ex. 7) and continued as co-counsel through the date of decision in that appeal, May 24, 2012. *Id.* at Ex. 10. Thus Skendelas would have had the statements of Attorneys Huddleston and Kazar at the time he was litigating the appeal, but apparently did not make them part of the record on appeal. On appeal Simms raised as an assignment of error a claim that the trial judge abused his discretion in imposing sentence, but focused on Judge Holbrook's failure to analyze required proportionality and seriousness factors (Brief, State Court Record ECF No. 15, Ex. 7). There was no assertion that the trial judge was imposing a "trial tax" or had pre-determined a sentence before trying the case.

Simms asserts he did not receive the proffered exhibits until October 2023, but does not explain how he came to obtain them.

In deciding habeas corpus cases, district courts are limited to the record before the state courts. *Cullen v. Pinholster,* 563 U.S. 170 (2011); *Shinn v. Ramirez*, 596 U.S. ___, 142 S.Ct. 2037 (2022). These two documents are not part of that record, although they were available to Simms' counsel and arguably relevant to his sentencing claim. Based on *Pinholster*, the Motion to Expand the Record is DENIED.

The case remains pending for final before Judge Sargus on the Report and

Recommendations referenced above.


November 22, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
