# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY SIMMS,

        Petitioner,     :     Case No. 2:22-cv-474

  - vs -                     District Judge Edmund A. Sargus, Jr.
                               Magistrate Judge Michael R. Merz

WARDEN, Grafton Correctional
  Institution,

                                              :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO RECUSE DISTRICT JUDGE SARGUS

This habeas corpus case, brought *pro se* by Petitioner Timothy Simms, is before the Court on Petitioner's Affidavit of Bias and Motion for Recusal seeking the recusal of District Judge Edmund A. Sargus, Jr., from further involvement in this case (ECF No. 48). While the decision on recusal must be made by Judge Sargus himself, rendering a report and recommendations on the Motion is within the scope of the Magistrate Judge reference in this case.

**Applicable Legal Standard**

Simms purports to bring this Motion under both 28 U.S.C. § 144 and 28 U.S.C. § 455. Two different standards apply to recusal under those two statutes. Under 28 U.S.C. § 144 the party seeking disqualification must make an affidavit of personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith. When a party is proceeding *pro se*, no

1

counsel's certificate is required. While the affidavit is directed to the judicial officer sought to be disqualified, if it is timely and legally sufficient, recusal is mandatory; the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency. 13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D, §§ 3541, et seq., particularly § 3550.

To be legally sufficient under § 144, assertions in an affidavit must be definite as to time, place, persons, and circumstances. *Berger v. United States*, 255 U.S. 22 (1921). Such detail is necessary to prevent abuse of § 144. *Grimes v. United States*, 396 F.2d 331 (9th Cir. 1968). One distinguished judge has held that the appropriate level of detail is the same as required in a bill of particulars. *United States v. Mitchell*, 377 F. Supp. 1312 (D.D.C. 1974)(Sirica, J.), *aff'd. sub. nom. United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976).

Under 28 U.S.C. § 455, different procedure is applicable: no motion or affidavit is required, since the statute places a burden on a judge to disqualify himself or herself *sua sponte*. There is no timeliness requirement. *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980). The court, moreover, need not accept as true the factual statements in the affidavit if one is filed. *Phillips v. Joint Legislative Committee on Performance and Expenditure Review of Mississippi*, 637 F.2d 1014, 1019, n.6 (5th Cir. 1981).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied*

2

499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra*; *Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The Justice Scalia has written for the Court:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). Since the decision in *Liteky, supra,* "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial

3

Disqualification 2d § 25.99, *citing In re Antar,* 71 F.3d 97 (3rd Cir. 1995), *overruled on other grounds Smith v. Berg*, 247 F.3d 532, 534 (3rd Cir. 2001).

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. A reasonable observer is unconcerned with trivial risks, which are endemic. If they were enough to require disqualification we would have a system of pre-emptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. ... There are not enough political eunuchs on the federal bench to resolve all cases with political implications; anyway it would be weird to assign all political cases to the naifs while concentrating antitrust and securities cases in the hands of political sophisticates. ... Tenure of office, coupled with the resolve that comes naturally to those with independent standing in the community have led a 'political' judiciary in the United States to be more assertive in securing legal rights against the political branches than is the politically neutral, civil service judiciary in continental Europe.

*In re Mason*, 916 F.2d 384, 385-87 (7th Cir. 1990)(Easterbrook, J.)

## Analysis

The first three pages of Simms' Motion for Recusal of Judge Sargus are a verbatim copy of the same text in his Motion to recuse the undersigned. He then devotes only one paragraph to supposedly disqualifying facts about Judge Sargus. That paragraph reads:

> In conducting a cursory review in Federal Court decisions available on LEXIS, Judge Edmund A. Sargus, Jr. has ruled in favor of the State of Ohio by denying Habeas Corpus relief a total of l,189 times out of 1,193 cases he has handled as a District Court Judge; thereby providing sufficient evidence to establish that a reasonable person would perceive a bias on the part of Judge Sargus in favor of the adverse party to Petitioner in this case, being the State of Ohio.

4

**Application of the Standard Under 28 U.S.C. § 144**

Simms' purported Affidavit of Bias is not an affidavit at all in that it was not sworn to before a notary. Nor is it in the form required for a declaration under penalty of perjury in place of an affidavit as prescribed by 28 U.S.C. § 1746.

Simms' purported Affidavit of Bias is not timely. This case was filed in June 2022. Simms' purported facts are assertedly drawn from the LEXIS database which has apparently been available to Petitioner since before he filed and has not changed since he filed except to the extent it reports additional cases to which Judge Sargus has been assigned since then.

Simms' purported Affidavit is not definite as to time, place, persons or circumstances. He reports only on his interpretation of the results of a LEXIS database search without any discussion of the circumstances of any other case.

Simms offers no supposed extrajudicial source for Judge Sargus's asserted bias and there is none so far as the undersigned is aware.

The undersigned has not attempted to replicate Petitioner's database search on LEXIS as to Judge Sargus because I do not know what search parameters he used. Assuming the truth of Simms' reported statistical analysis, it does not support recusal of Judge Sargus. Rather it supports the undersigned's refusal to disqualify himself on the basis of an asserted disproportion of pro-respondent outcomes. For as long as Judge Sargus has been a District Judge resident at the Columbus seat of court, all habeas corpus cases filed in Columbus before February 1, 2022, were automatically referred to one of the Magistrate Judges resident at Columbus: Magistrate Judges Abel, King, Kemp, Deavers, Jolson, and Vascura. Has Petitioner's research revealed any disproportion in the recommendations of those judicial officers? Since February 1, 2022, those

5

cases have been distributed randomly to all of the Magistrate Judges in the District. Has Petitioner's research revealed any disproportion in recommendations since then?

The undersigned assumes it is correct that Judge Sargus has dismissed most of the habeas corpus cases assigned to him. This is not because he has any personal bias in favor of the State of Ohio or any of its usual actors in habeas corpus cases. Rather, it is because of the state of habeas corpus law.

Federal habeas corpus only became available to state prisoners after the Civil War; Congress feared retaliation against federal officers carrying out post-Civil War federal legislation. It remained largely confined to jurisdictional issues until *Brown v. Allen*, 344 U.S. 443 (1953), which opened habeas courts to litigation of all constitutional claims even if they had been considered in the state courts. Then during the Chief Judgeship of Earl Warren many of the criminal justice related rights in the Bill of Rights were "incorporated" into the United States Constitution by way of the Due Process Clause of the Fourteenth. With respect to the Sixth Amendment, see, for example, *Duncan v. Louisiana*, 391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968) (trial by jury in criminal cases); *Washington v. Texas*, 388 U.S. 14, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967) (compulsory process); *Klopfer v. North Carolina*, 386 U.S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967) (speedy trial); *Pointer v. Texas,* 380 U.S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965) (right to confront adverse witness); *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963) (assistance of counsel); *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)(ineffective assistance of counsel).

The Supreme Court could not itself review all state cases in which constitutional claims were raised, so in 1963 the Court greatly expanded the habeas corpus power of District Courts. See *Townsend v. Sain*, 372 U.S. 293, 313 (1963)(expanding broadly the categories of cases in

which habeas courts could grant an evidentiary hearing) and *Fay* v. *Noia*, 372 U.S. 391 (1963)(federal claims can be barred by procedural default in raising them in state courts only if the State can show they were deliberately bypassed).

The history of habeas corpus since Warren Burger succeeded Earl Warren can best be seen as a broad and persistent effort by the Supreme Court and eventually Congress to roll back the habeas remedy expanded by the Warren Court. In *Stone v. Powell,* 428 U.S. 465 (1976), the Court made Fourth Amendment claims non-cognizable in habeas if the petitioner had been given a full and fair opportunity to litigate those claims in state court[1]. In *Wainwright v. Sykes*, 433 U.S. 72 (1977), the Court weakened *Fay* and reintroduced procedural default as a bar to habeas claims. Then in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). This statute reduced the constitutional precedent on which a habeas court could rely to "clearly established" holdings of the Supreme Court. It required deference to state court decisions on the merits unless they were "unreasonable." It adopted for the first time a statute of limitations for habeas cases (one year) and a bar on second or successive habeas petitions unless allowed by the court of appeals on a case-by-case basis. Finally, in *Cullen v. Pinholster,* 563 U.S. 170 (2011), the Supreme Court essentially eliminated evidentiary hearings in habeas by holding that a habeas court must decide factual questions on the basis of the record made in the state courts. That is the legal context in which I have considered habeas corpus cases throughout my federal judicial career (1984-2024).

Federal judges are required by their oath "to administer justice **according to law**." This means for example that a completely meritorious habeas claim filed eleven months after the

---

[1] Since most States follow federal practice in allowing a separate motion to suppress proceeding pre-trial, Fourth Amendment issues have largely disappeared from habeas cases. If they are pleaded, they must be dismissed as barred by *Stone*.

conviction became final must be dismissed with prejudice as barred by the statute of limitations. That is what the law requires. We are not free to do justice as we see it in a habeas case, but only as the law allows it.

**Conclusion**

Petitioner has failed to show Judge Sargus is biased in favor of the State of Ohio under either 28 U.S.C. § 144 or 28 U.S.C. § 455. He should decline to recuse himself in this case.

July 22, 2024.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

8