UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY SIMMS,

    Petitioner,

v.

    Case No. 2:22-cv-00474
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Michael R. Merz

WARDEN,

    Respondent.

## OPINION AND ORDER

Petitioner Timothy Simms, who is proceeding *pro se*, filed two Motions for Recusal in his habeas corpus case. The first asks that the undersigned recuse (ECF No. 48), and the second urges the Magistrate Judge assigned to the case to recuse (ECF No. 49). The Magistrate Judge recommended the first Motion be denied in a Report and Recommendation (Recusal Report, ECF No. 51), and denied the second Motion by a Decision and Order (Recusal Decision, ECF No. 50). This matter is before the Court on Mr. Simms's Objections (ECF Nos. 52, 53) to the Recusal Report and Recusal Decision. For the reasons stated below, those Objections are **OVERRULED** and the Recusal Decision and Recusal Report are **ADOPTED AND AFFIRMED**.

    I.    Background

In his Motions for Recusal, Mr. Simms states that the undersigned "has consistently showed bias toward the State of Ohio" in habeas cases during his career on the bench. (ECF No. 48, PageID 1615.) In support, Mr. Simms points to his LexisNexis research, which shows the undersigned has denied more habeas petitions than he has granted by a wide margin. (*Id.* PageID 1615–17.) Mr. Simms makes similar arguments about the Magistrate Judge, urging that he is also

biased based on analogous reasoning. (*Id.* PageID 1616–17; ECF No. 49.) Mr. Simms cites 28 U.S.C. §§ 144 and 455 in support. (ECF Nos. 48, 49.)

Close in time, the Magistrate Judge issued the Recusal Decision, denying Mr. Simms's Motion for Recusal of the Magistrate Judge, and the Recusal Report, recommending that the Court deny the Motion for Recusal of the undersigned. The Magistrate Judge rejected Mr. Simms's assertions that he and the undersigned should be disqualified from presiding because they favor the State of Ohio in habeas cases. (Recusal Report, Recusal Decision.) He explained the different standards that apply to recusal under 28 U.S.C. §§ 144 and 455. (Recusal Decision, PageID 1627–28; Recusal Report, PageID 1635–36.) He noted that Mr. Simms's Affidavits of Bias ("Affidavits") were not true affidavits because they were not notarized nor in the proper form under 28 U.S.C. § 1746. (Recusal Decision, PageID 1630; Recusal Report, PageID 1639.) The Magistrate Judge found the Affidavits were untimely. (*Id.*) Finally, he concluded that Mr. Simms offered no extrajudicial sources for his or the undersigned's asserted biases, and that there were none. (Recusal Decision, PageID 1631; Recusal Report, PageID 1639.)

Mr. Simms objected to both the Recusal Decision and Recusal Report. (ECF Nos. 52, 53.) The Court analyzes those Objections below, but first summarizes the applicable standards of review.

## II. Standards of Review

### A. Objections on Non-Dispositive Matters

When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the

2

magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citations omitted); *see also Grant v. Ramaswamy*, No. 2:24-CV-281, 2024 WL 1507975, at *1 (S.D. Ohio Apr. 5, 2024) (Watson, J.) (quoting *Hood*).

  B. *Objections on Dispositive Matters*

If a party objects to a report and recommendation within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**III. Analysis**

Mr. Simms makes these Objections to the Recusal Report and Recusal Decision:

1. The Magistrate Judge "completely lacks jurisdiction" to determine whether Judge Sargus should recuse. (ECF No. 52, PageID 1644.)
2. His Affidavits are proper affidavits. (*Id.*; ECF No. 53, PageID 1652.)
3. His Affidavits were timely. (ECF No. 52, PageID 1647; ECF No. 53, PageID 1654.)

In addition, Mr. Simms reargues the substance his Motions for Recusal in his Objections. (ECF No. 52, PageID 1645–47; ECF No. 53, PageID 1652–53.)

3

Mr. Simms's contention that the Magistrate Judge has no jurisdiction to determine whether the undersigned should recuse lacks merit. Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. *Gomez v. United States*, 490 U.S. 858, 869–70 (1989); *see also Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion [with a few exceptions]." 28 U.S.C. § 636(b)(1)(B).

The Magistrate Judge proceeded within the confines of his statutory authority to write a report and recommendation for the undersigned's consideration on the recusal issues raised by Mr. Simms. Mr. Simms cites no authority to support his proposition that a district judge cannot consider on report and recommendation whether he or she should recuse from a matter. The undersigned is the final decision maker on whether he recuses as he determines whether to accept, reject, or modify the Magistrate Judge's recommendations. Mr. Simms first objection is overruled.

Next, Mr. Simms argues that the Magistrate Judge concluded incorrectly that the Affidavits were improper. He points out that they were sworn to under penalty of perjury, signed, and reference 28 U.S.C. § 1746. Mr. Simms urges that the Affidavits were indeed timely, because a due diligence standard applies.

Even if the Court assumes Mr. Simms's Affidavits comply with the necessary requirements—and the Magistrate Judge points out reasons they may not (*see, e.g.*, PageID 51, PageID 1639)—his Affidavits are insufficient for other reasons. Under 28 U.S.C. § 144, a party may seek a judge's recusal based on personal bias or prejudice by filing an affidavit:

4

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144; *See Massey v. Specialized Loan Servicing, LLC,* 2024 U.S. App. LEXIS 22977, *12 (6th Cir. Sept. 9, 2024). "The requirements of § 144 are strictly construed to prevent abuse because the statute is heavily weighted in favor of recusal." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 353 (6th Cir. 2007). "The § 144 affidavit must state factual averments with particularity as to time, person, place, and circumstances." *Id.*

Absent from Mr. Simms's Affidavits are any of these particularities. There is no information about the Judges' personal biases or prejudices, must less the times, places, or circumstances in which the Judges made such biases or prejudices known. Rather, Mr. Simms restates the results of his LexisNexis research (discussed in his Motions and more *infra*) and states the numbers amount to bias that rises to the level of requiring automatic recusal. Such averments are not enough to satisfy § 144; the Affidavits are insufficient.

As to Mr. Simms's re-argument of his Motions in his Objections, the Court finds no error in the Magistrate Judge's findings and reasoning, nor in the Magistrate Judge's conclusion that Mr. Simms offers no extrajudicial source for either Judge's asserted bias. The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.*, 384 U.S. [563, 583 (1966)]. In and of themselves (*i.e.*, apart from surrounding comments or accompanying

5

>opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required [ ] when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). "[S]peculative and unfounded allegations are insufficient to demonstrate bias or prejudice . . . and do not establish a basis for recusal." *Smith v. Yost*, No. 1:23-CV-749, 2024 WL 4343035, at *5 (S.D. Ohio Sept. 30, 2024).

All that Mr. Simms has to support his Motions are unsupported statistics based on judicial recommendations and rulings on habeas petitions. Mr. Simms assumes the volume of denials in comparison to grants makes judicial bias self-evident. Yet as the Magistrate Judge stresses, Mr. Simms provides no search methodology or context surrounding the numbers (e.g. data from other judges, reversal rates) that might support or undercut Mr. Simms's conclusion. (ECF No. 51, PageID 1639.) And importantly, Mr. Simms references no out-of-court statements and acts indicating biases or prejudices that the Judges took outside of their judicial capacities.

The moving party bears the burden of justifying disqualification. *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999). When recusal is appropriate "is not based on the subjective view of a party," but recusal "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016) (internal citations and quotations omitted); *see also United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied,* 499 U.S. 981 (1991) (explaining the recusal standard is objective and not based on the subjective view of a party); *Hughes v. United States*, 899 F.2d

6

1495, 1501 (6th Cir. 1990) (same). Mr. Simms's subjective views are not enough, and he has not met his burden.

## IV. Conclusion

The Magistrate Judge's Recusal Decision was neither clearly erroneous nor contrary to law. The Magistrate Judge's findings and recommendations in his Recusal Report are sound. Mr. Simms's Objections (ECF Nos. 52, 53) are **OVERRULED** and the Decision and Order (ECF No. 50) and Report and Recommendation (ECF No. 51) are **ADOPTED AND AFFIRMED**. The Motions for Recusal are **DENIED**. (ECF Nos. 48, 49.) This case remains open.

    **IT IS SO ORDERED.**


**11/14/2024**                                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                                        **EDMUND A. SARGUS, JR.**
                                                                     **UNITED STATES DISTRICT JUDGE**