UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY SIMMS,

        Petitioner,

    v.

        Case No. 2:22-cv-00474
        Judge Edmund A. Sargus, Jr.
        Magistrate Judge Michael R. Merz

WARDEN,

        Respondent.

## OPINION AND ORDER

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 brought by *pro se* Petitioner Timothy Simms. Before the Court are Reports and Recommendations issued by the Magistrate Judge and objections to those Reports and Recommendations filed by Mr. Simms. For the reasons below, the Court **ADOPTS** and **AFFIRMS** the Reports and Recommendations, except the portions withdrawn by the Magistrate Judge, and **OVERRULES** Mr. Simms's objections, except where the objections were well taken. The Court also examines an objection by Mr. Simms to a Decision and Order from the Magistrate Judge, and **OVERRULES** that objection.

## I. THE REPORTS AND RECOMMENDATIONS

### A. Background

Mr. Simms was convicted of raping his minor daughter. His habeas corpus Petition pleads four grounds for relief: confession taken in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966) (ground one), ineffective assistance of trial counsel (ground two), prosecutorial misconduct (ground three), and judicial misconduct (ground four). (Petition, ECF No. 4.) The Magistrate Judge issued four Reports and Recommendations on the Petition, three after Recommital Orders.

*First R&R.* The Magistrate Judge's first Report and Recommendation (First R&R, ECF

No. 21) recommended that all four grounds for relief be dismissed as barred by the statute of

limitations. In his objections to that Report, Mr. Simms asserted that the Magistrate Judge had

miscalculated the date of finality of the new trial motion. (ECF No. 22.) In addition, Mr. Simms

argued that evidence presented in his new trial motion constituted newly discovered evidence of

prior constitutional violations and showed that he was actually innocent, which excused his

failure to timely file. (*Id.*)

*Second R&R.* On recommittal, the Magistrate Judge admitted his mistake in time

calculation as to the finality of the new trial motion,[1] apologized to Mr. Simms, and withdrew

that portion of the First Report. (Second R&R, ECF No. 24, PageID 1519.)

The Second Report and Recommendation went on to explained that, although Mr. Simms

was claiming the benefit of newly discovered evidence to avoid the statute of limitations defense,

he provided no timeline about the discovery of the new evidence, which was necessary

information. (*Id.*) The Magistrate Judge rejected Mr. Simms's argument that such evidence

showed actual innocence and served as a *Schlup* gateway. (*Id.* PageID 1520–21); *see Schlup v.*

*Delo*, 513 U.S. 298, 319 (1995). "[A]ctual innocence, if proved, serves as a gateway through

---

[1] The Magistrate Judge explained:

> The Report actually found the Common Pleas Court denied the new trial motion March
> 12, 2020 (Report, ECF No. 21, PageID 1505, citing *State v. Simms*, 2020 Ohio Misc.
> 4826 (Franklin Cty. CP, Mar. 12, 2020)). The Court of Appeals affirmed *State v. T.S.*,
> 2021-Ohio-2203 (Ohio App. 10th Dist. Jun. 29, 2021). Finally, the Supreme Court of
> Ohio declined appellate review, *State v. T.S.*, 164 Ohio St. 3d 1449 (2021). The Ohio
> Supreme Court acted September 28, 2021, so the Petition herein, insofar as it raises
> issues related to the new trial motion, is in fact timely.

(Second R&R, ECF No. 24, PageID 1518–19.) The Antiterrorism and Effective Death penalty
Act of 1996 has a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Simms filed this
case in February 2022 and his Petition in June 2022. (ECF Nos. 1, 4.)

which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and

*House*, or, . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 384

(2013) (citing *Schlup*, 513 U.S. at 319; *House v. Bell*, 547 U.S. 518, 537 (2006)). Mr. Simms's

new evidence was his rape victim's recantation of her trial testimony that happened about four

years after the trial (July 2014) and was presented to the courts around four years after that

(November 2018). (Second R&R, ECF No. 24, PageID 1521; *see* ECF No. 16, PageID 1454.)

The Magistrate Judge observed that the trial judge did not find the recantation credible and found

that: "Given the circumstances in which the recantation occurred and the length of time between

the purported recantation and its presentation to the courts, this Court is not persuaded the

recantation meets the *Schlup* requirements for proving actual innocence." (*Id.*; *see Schlup*, 513

U.S. at 319–23.)

The Magistrate Judge concluded that the claims relating to the motion for new trial and

the parts of the withdrawn recommendation regarding ground four (judicial misconduct) would

be treated in a separate, forthcoming report. (*Id.*) He reiterated his recommendation to dismiss

the other claims relating to the trial—grounds one (*Miranda* violations), two (ineffective

assistance of counsel), and three (prosecutorial misconduct) and two parts of ground four

(judicial misconduct) on statute of limitations grounds. (*Id.* PageID 1521.)

Mr. Simms objected (ECF No. 25) to the Second Report, and this Court issued a

Recommittal Order (ECF No. 26). The Magistrate Judge filed another Report and

Recommendation (Third R&R, ECF No. 27), analyzing the claims arising from adjudication of

Mr. Simms's new trial motion and the new objections.

*Third R&R.* Mr. Simms again argued his actual innocence claim provided a gateway past

the statute of limitations bar. (ECF No. 25, PageID 1525.) The Magistrate Judge elaborated on

3

the reasoning in his Second Report where he found that the victim's recantation of her trial

testimony was not credible. (Third R&R, ECF No. 27, PageID 1532–36.) He provided details

about how the recantation was made with the victim's mother, paternal grandmother (Mr.

Simms's mother), and Mr. Simms's attorney present, at Mr. Simms's attorney's office. (*Id.*

PageID 1534.) When the victim had a chance to repeat her recantation at the new trial hearing

four years later, she declined to take the stand on advice of counsel. (*Id.*) The Magistrate Judge

again concluded that a retracted recantation was not the sort of evidence that satisfies the actual

innocence exception recognized in *Schlup*. (*Id.* PageID 1535; *see* 513 U.S. at 324.)

Also in the Third R&R, the Magistrate Judge found that Mr. Simms's claims of judicial

misconduct at the new trial proceedings were procedurally defaulted because they had not been

fairly presented to the Ohio courts.[2] (*Id.* PageID 1536–37.).

*Fourth R&R.* After objections (ECF No. 36) and another recommittal (ECF No. 38),[3] the

Magistrate Judge again elaborated on his findings on the recantation. (Fourth R&R, ECF No.

39.)  He detailed why Mr. Simms's judicial prejudice claim had not been fairly presented. (*Id.*

PageID 1578.) Mr. Simms objected to the Fourth R&R, and those objections are before the

Court.

---

[2] The Magistrate Judge sustained an objection to his conclusion in the Second R&R that Mr. Simms had waived any objection to Warden's statute of limitations defense by omitting it from his Reply. (Third R&R, ECF No. 27, PageID 1531–32.) Mr. Simms correctly pointed out that he was under no duty to file a reply at all, so his failure to respond to the limitations assertion was not a forfeiture of his right to have that question decided on the merits. (*Id.*)

[3] Mr. Simms received an extension of time to file such objections from the Magistrate Judge until September 15, 2023. (ECF No. 31.) The undersigned mistakenly entered an order adopting the Third R&R and a judgment on September 13, 2023 (ECF Nos. 34, 35), but entered an order vacating that judgment on September 14, 2023 (ECF No. 37). Mr. Simms filed his objections on September 13, 2024. (ECF No. 36.) This Court recommitted the matter to the Magistrate Judge on September 14, 2024. (ECF No. 38.)

### B. Standard of Review

If a party objects to a report and recommendation within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### C. Analysis

In sum, the Magistrate Judge's recommendation is that all of Mr. Simms's claims related to the trial (grounds one, two, three, and portions of ground four) be dismissed as barred by the statute of limitations and that claims arising from the new trial proceedings (remaining portions of ground four) be dismissed as procedurally defaulted.

After analyzing Mr. Simms's objections to the First, Second, and Third R&Rs de novo, the Court accepts the findings and recommendations, including the Magistrate Judge's conclusion to withdraw some recommendations, and **OVERRULES** Mr. Simms's objections, except those sustained that caused the Magistrate Judge to withdraw recommendations.

As explained above to try to overcome the statute of limitations bar, Mr. Simms has argued a claim of actual innocence, which relies on the victim's purported recantation of her trial testimony. (*See* Fourth R&R, ECF No. 39, PageID 1574.) In his first objection to the Fourth R&R, he reiterates his previous positions, positing that the Magistrate Judge "erroneously misstates the facts surrounding the recantation by the complaining witness." (ECF No. 40, PageID 1581.) He takes issues with the Magistrate Judge's characterization of the recantation as occurring "many years after the trial" (*id.* PageID 1581–82) and urges that the trial judge's finding that the recantation was not credible is "highly irrelevant" (*id.* PageID 1583).

5

Mr. Simms's contentions are unpersuasive; the Magistrate Judge's reasoning in previous Reports and Recommendations was sound and thorough. As the Magistrate Judge explained (and the state trial court judge found) the recantation was taken when the minor victim was unrepresented and in the presence of Mr. Simms's mother, who was the victim's source of shelter, money, and transportation at the time. (Fourth R&R, ECF No. 39, PageID 1575.) When the victim had a chance to repeat her recantation at the new trial hearing four years later, she declined to take the stand on advice of counsel. (*Id.* PageID 1576.)

While a credible claim of actual innocence requires "new reliable evidence," federal courts must not limit their analysis to that evidence. *Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024) (citing *House*, 547 U.S. at 537). "The court must instead look at the entire record, 'old and new' evidence, without regard to its admissibility, before determining whether a petitioner has credibly shown actual innocence sufficient to overcome a habeas procedural barrier." *Id.* (citing *House*, 547 U.S. at 538). The old evidence includes—as the Magistrate Judge highlights in his Fourth R&R—Mr. Simms's own statements to the police that he had engaged in sex acts with his daughter, and the minor victim's disclosures to a forensic interviewer at the child advocacy center regarding sexual acts and depictions of sex toys. (Fourth R&R, ECF No. 39, PageID 1575; ECF No. 16, PageID 1443–46.)

Given the circumstances in which the victim's recanting statement were obtained and presented, as well as the old evidence (summarized only briefly here) Mr. Simms has not "persuade[d] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See Schlup,* 513 U.S. at 329. Mr. Simms's argument about the Magistrate Judge's use of "many years" to describe the four years that happened between the end of the trial and when the recantation occurred is semantic;

the Magistrate Judge laid out the relevant timeline. (*See* Fourth R&R, ECF No. 39, PageID 1575–76.)

The actual innocence exception is "rare" and only applies in "extraordinary case[s]." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005); *Hubbard*, 98 F.4th at 747 ("the actual-innocence remedy is reserved for only the most extraordinary case") (collecting cases). This is not that exceptional case.

As for Mr. Simms's second objection to the Fourth R&R (ECF No. 40, PageID 1584), the Court agrees with the Magistrate Judge that those portions of ground four protesting of judicial misconduct at the new trial proceedings were not fairly presented to the Ohio courts.

Mr. Simms's third objection to the Fourth R&R is that the Magistrate Judge is systematically biased against habeas corpus petitioners. (*Id.* PageID 1585–86.) Mr. Simms made this same objection in his Motion to Recuse the Magistrate Judge. (ECF No. 49.) The Magistrate Judge denied that Motion (ECF No. 50), and the undersigned adopted and affirmed that Decision and Order over Mr. Simms's objection (ECF Nos. 53, 56). The Court overrules Mr. Simms's third objection for the same reasons.

Mr. Simms's fourth objection to the Fourth R&R is that Magistrate Judge Merz has recommended denial of a certificate of appealability without waiting for an application from Mr. Simms first. (ECF No. 40, PageID 1586.) Because the Magistrate made an error in his analysis—e.g., the miscalculation of the date of finality of the new trial proceeding—he is entitled to a certificate of appealability, Mr. Simms says.

Mr. Simms's argument that the Magistrate Judge made a recommendation on a certificate of appealability before Mr. Simms moved for one disregards Rule 11 of the Rules Governing § 2254 Proceedings, effective December 1, 2009. That Rule requires that district courts include

7

in any final judgment against a habeas petitioner a ruling on whether the petitioner is to receive a certificate of appealability. The case authority Mr. Simms relies on all pre-dates the 2009 Rule amendment which requires the Court to make this decision without any motion by the petitioner.

As for Mr. Simms's argument that he is entitled to a certificate of appealability because of an error in analysis, when a judicial officer recognizes and corrects an error before judgment, the fact that the error was made sometime in the proceedings does not entitle a petitioner to appeal. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Tel. Co. v. United States,* 320 U.S. 1, 47–48, (1943)) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment."). Even more, the undersigned had not yet reviewed the First R&R and determined whether he would accept, reject, or modify the findings and recommendation from the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1).

Mr. Simms's objections to the Fourth R&R are **OVERRULED**.

## II. DECISION AND ORDER ON EVIDENTIARY HEARING

### A. Background

While the Reports and Recommendations were pending, the Magistrate Judge issued a Decision and Order on a "Motion to Proceed to Hearing and Judgment" (ECF No. 45) filed by Mr. Simms. (Decision and Order, ECF No. 46.) Mr. Simms asked for an evidentiary hearing and for expedited consideration of the merits. (ECF No. 45.)

In rejecting Mr. Simms's request for an evidentiary hearing the Magistrate Judge explained that the Supreme Court has limited the authority of district courts to hold evidentiary hearings; rather, district courts are confined to deciding cases from state court records. (Decision and Order (citing *Cullen v. Pinholster*, 563 U.S. 170, 183 (2011).) The Magistrate Judge

explained that the pending Reports and Recommendations were ripe for the undersigned's

consideration, and a final decision would be issued "in the ordinary course of the Court's

business." (*Id.*)

### B. Standard of Review

When a party objects to a non-dispositive motion, the district court must "modify or set

aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any

pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous

or contrary to law." The "clearly erroneous" standard applies to factual findings and the

"contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686

(S.D. Ohio 1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous"

when the reviewing court is left with the definite and firm conviction that a mistake has been

made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal

conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied

applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio

Mar. 22, 2001) (Holschuh, J.) (citations omitted).

### C. Analysis

Mr. Simms has not shown that the Magistrate Judge's Decision and Order is contrary to

law, and so his objections are **OVERRULED**.

## III.   CONCLUSION

The Reports and Recommendations at ECF Nos. 21, 24, 27, and 39 are **ADOPTED AND

AFFIRMED,** except the portion that the Magistrate Judge withdrew (*see* ECF No. 24, PageID

1518–19; ECF No. 27, PageID 1531–32). The objections to those Reports and Recommendations

are **OVERRULED** unless the objections were sustained. (ECF Nos. 22, 25, 36, 40; *see* ECF No. 24, PageID 1518–19; ECF No. 27, PageID 1531–32.) Mr. Simms's objection (ECF No. 47) to the Magistrate Judge's Decision and Order (ECF No. 46) is **OVERRULED**.

Finally, as reasonable jurists would not disagree with the conclusions above, no certificate of appealability will issue. *See Porterfield v. Bell*, 258 F.3d 484 (6th Cir. 2001) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

The Clerk is **DIRECTED** to enter judgment and close this case.

 **IT IS SO ORDERED.**


**11/18/2024**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**